UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRAVIS TOLLETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.  CIV-15-915-W |
| | : | |
| OKLAHOMA DEPARTMENT OF | : | |
| CORRECTIONS | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

Plaintiff Travis Tollett, by and through his attorney, Pete M. Monismith, PC., hereby brings this

Complaint against the Oklahoma Department of Corrections (the "OKDOC").

**INTRODUCTION**

1.      Twenty-four years after the Americans with Disabilities Act ("ADA") was passed

and 40 years after the Rehabilitation Act, OKDOC fails to provide equal access to all of it's

patrons, specifically those disabled individuals confined to a wheelchair.

2.      One of the primary purposes of the ADA and the Rehabilitation Act is ensuring that

individuals who are disabled have equal access to public accommodations.

3.      OKDOC has systematically, knowingly, and intentionally discriminated against

Plaintiff Travis Tollett and other disabled individuals by denying them equal access to public

accommodations.

**JURISDICTION AND VENUE**

4.    This Court has jurisdiction pursuant to the following statutes:

      a.    28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

      b.    28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

      c.    28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

5.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims occurred in the Western District of Oklahoma.

**PARTIES**

6.    Plaintiff Travis Tollett is a resident of Walters, Oklahoma, is a quadriplegic, is confined to a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.1047.

7.    Plaintiff Travis Tollett is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

8.     Defendant OKDOC ("OKDOC") is a political subdivision of the State of Oklahoma. As such, it is a public entity as that term is used in title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* OKDOC is a recipient of federal financial assistance as that term is used in section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## FACTUAL ALLEGATIONS

9.      Defendant OKDOC manages the Probation & Parole office (hereinafter referred to as "OKDOC office) located at 118 S 11th Street Duncan, OK.

10.     Plaintiff Travis Tollett was a patron at the OKDOC office on May 1, 2015 and again on May 22, 2015.

11.     The OKDOC office is a place of public accommodation within the meaning of Title II of the ADA, 42 U.S.C. § 12132.

12.     Defendant OKDOC manages, owns, and/or or operates the OKDOC office, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

13.     Plaintiff realleges paragraphs one (1)  through twelve (12) of this Complaint and incorporates them here as if set forth in full.

14.     Plaintiff was a patron at the OKDOC office on May 1, 2015 and again on May 22, 2015 with his father.

15.     During those visits, Plaintiff was subject to many barriers to access that discriminated against him based upon his disability.

16.     Plaintiff intends to continually return to the OKDOC office to avail himself of the goods and services offered to the public throughout the year, but for the barriers in existence that deter him from doing so.

17.     There are numerous architectural barriers present at the OKDOC office that  prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the OKDOC

3

office are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the

Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

18.     Plaintiff, upon visiting the OKDOC office, personally suffered discrimination because of

his disability.

19.     There are several elements and spaces that Plaintiff personally encountered and which

discriminated against him based upon his disability, such as:

        a.      There is no designated accessible parking space for an individual in a wheelchair

to utilize.

        b.      There is no correct ramp for an individual in a wheelchair to utilize in order to

access the property.

        c.      There is an excessively steep cross slope along the sidewalk that creates a

dangerous condition for an individual in a wheelchair.


20.     The discriminatory violations described in paragraph 19 of this Complaint are not

an exclusive list of the Defendants' ADA violations. The Plaintiff, and all other mobility-

impaired individuals similarly situated have been denied access to, and have been denied the

benefits of, services, programs and activities of the Defendants' building, and have otherwise

been discriminated against and damaged by the Defendants because of the Defendants' ADA

violations, as set forth above.

21.     Plaintiff will continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA as requested herein. Plaintiff has been denied access to,

and has been denied the benefits of services, programs and activities of the Defendants'

buildings and its facilities, the opportunity to use such elements, and have otherwise been

discriminated against and damaged by the Defendant because of the Defendants' ADA

violations, as set forth above.

22.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that

exists on the subject premises. Travis Tollett has standing to require that all barriers to access on

the property for the mobility-impaired are corrected, not merely only those Travis Tollett

personally encountered.

23.     Defendants' failure to remove the architectural barriers identified in paragraph nineteen

(19) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188

(b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

24.     The Defendant denied Plaintiff access to programs, benefits, and services at the OKDOC

office  solely on the basis of his disability, thereby violating title II of the ADA.

25.     Despite the clear provisions of title II of the ADA and its knowledge of the deficiencies

of its policies and practices, OKDOC persisted in discriminating against Plaintiff and other

persons who are disabled.

26.      As a direct and proximate result of the acts, omissions, and violations alleged

above, Plaintiff has suffered damages, including but not limited to pain and suffering,

inconvenience, emotional distress, and impairment of quality of life.

27.      Plaintiff has been injured and aggrieved by and will continue to be injured

and aggrieved by OKDOCs' discrimination.

28.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities.

29.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the OKDOC office as described, but not necessarily limited to, the allegations in paragraph 19 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendant.

30.     Plaintiff is aware that it will be a futile gesture to re-visit the OKDOC office until it becomes compliant with the ADA, unless he is willing to suffer further discrimination.

31.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the OKDOC office readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the OKDOC office until such time as the Defendant cures its violations of the ADA.

## COUNT II

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

33.     Plaintiff realleges paragraphs one (1) through thirty-two (32) of this Complaint and incorporates them here as if set forth in full.

34.     Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as the Defendant. 29 U.S.C. § 794.

35.     OKDOC receive and benefit from federal financial assistance as that term is used in 29 U.S.C. § 794.

36.     Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

37.     OKDOC has discriminated against Plaintiff on the basis of his disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above.

38.     Plaintiff was qualified to participate in the services, programs, activities, and benefits provided to other patrons at the OKDOC office within the meaning of the Rehabilitation Act of 1973.

39.     OKDOC denied Plaintiff access to programs, benefits, and services provided to other patrons at the OKDOC office solely on the basis of his disability, thereby violating the Rehabilitation Act of 1973.

40.     Despite the clear provisions of the Rehabilitation Act of 1973 and its knowledge of the deficiencies of its policies and practices, Defendant persisted in imposing conditions and practices that discriminate against Plaintiff and other persons who are disabled.

41.     As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

42.     Plaintiff has been injured and aggrieved by and will continue to be injured and aggrieved by Defendant's discrimination.

43.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

44.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the OKDOC office as described, but not necessarily limited to, the allegations in paragraph 19 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

45.     Plaintiff is aware that it will be a futile gesture to re-visit the OKDOC office until it becomes compliant with the ADA, unless he is willing to suffer further discrimination.

46.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

47.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the OKDOC office readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the OKDOC office until such time as the Defendant cures its violations of the ADA.

**PRAYER FOR RELIEF**

48.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Oklahoma, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title II of the Americans with Disabilities Act and the Rehabilitation Act:

B.     Enter an injunction ordering Defendant to cease discrimination on the basis of disability including but not limited to Plaintiff;

C.     Award Plaintiff compensatory damages;

D.     Award Plaintiff damages;

E.     Award Plaintiff his reasonable attorneys' fees and costs; and

F.     Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith_____
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA Bar 84746